Milton MISSOURI *v.* DIRECTOR, Employment Security
Department and Lamb & Associates

E 03–204                                          137 S.W.3d 436

Court of Appeals of Arkansas
Division IV
Opinion delivered December 10, 2003

*Appellant,* pro se.

*Phyllis A. Edwards,* for appellees.

SAM BIRD, Judge. In this unbriefed pro se appeal, Milton Missouri contends that the Board of Review erred when it denied him unemployment benefits on the finding that he voluntarily left last work without good cause connected with the work. Because we hold that reasonable minds could not come to the Board's conclusion, we reverse the decision and remand for an award of benefits.

The Board's decision, which adopted and affirmed the decision of the Appeal Tribunal, cited Ark. Code Ann. § 11-10-513 and Ark. Code Ann. § 11-10-514. Under Ark. Code Ann. § 11-10-513(a)(1) (Supp. 2003), an individual shall be disqualified for benefits if he or she voluntarily and without good cause connected with the work left his or her last work. Section 11-10-514 (Repl. 2002) states that an individual shall be disqualified for benefits if he or she is discharged from last work for misconduct in connection with the work.

The decision of the Board included these findings of fact:

> The claimant was a resident at a resident center and was provided transportation to and from work while several from the center were working for the employer. All the residents of the center left the employer except the claimant. He was no longer provided transportation to work. The claimant moved to Hensley, Arkansas and rode the city buses to and from work during the week. The claimant could not work overtime because his work was done before city buses start running. The claimant could not work on Saturday due to the bus schedules. The claimant quit.

The Board found that appellant should be denied benefits under Ark. Code Ann. § 11-10-513(a).

The Board of Review's findings of fact are conclusive if they are supported by substantial evidence. *Bradford v. Director*, 83 Ark. App. 332, 128 S.W.3d 20 (2003). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

Appellant testified on his own behalf at the hearing. When asked if he had quit his work, he responded, "Well, no, not in a way." He stated that he moved home to Hensley after the rehabilitation center quit providing transportation to his job at Lamb and Associates in Maumelle, Arkansas, where he was a laborer. He stated that after he moved back home, he began riding CAT (Central Arkansas Transit) buses from Hensley to his place of employment, but that because the buses did not run in the early morning hours on weekdays and did not run at all on Saturdays, he did not have transportation that met the employer's early-morning and Saturday overtime schedules.

Appellant testified that because the employer's assistant plant manager, Greg Fason, knew that he did not have transportation in the early mornings on weekdays or on Saturdays, Fason would assign another worker in appellant's place when overtime work was scheduled for his shift. Appellant said that one Friday when Fason was not at work, the employer's plant manager, Jason Kidder, told him that, because he was not able to get to work when he was needed, he would have to make a decision on what he could do, but that there was not much he could do because he could not get a ride. The testimony continued:

CLAIMANT: So I asked him, well, could I work this last day. He told me yeah, so I went to work and *he called me back to his office and told me that I couldn't work 'cause I was terminated.*

H. OFFICER: Because you were terminated?

CLAIMANT: Yes, sir.

H. OFFICER: Why would you be terminated?

CLAIMANT: Because I wasn't able to get there on, transportation on Saturday. See, sometime on Saturday, when I was scheduled to work the day, when they would work overtime on the time that I was scheduled to be there they'd put someone in my place but *this Saturday, I don't know, they just told me that if I couldn't be there on Saturdays when I was scheduled to work then I just wasn't able to, you know, keep the job,* so *I had been doing that for two or three years, they would put someone in my place but, all of a sudden, I just couldn't get on the bus* 'cause the bus don't run on Saturday out there, and I didn't have no other means of transportation to get there ... and that was

our biggest problem. I live about 40, 50 miles outside a ride, I mean, outside where my company was located at, and the only time I could get there was on the bus.

. . . .

The bus couldn't get me there at 7:00 in the morning and sometime we worked overtime, it'd be 4:00 in the morning so a lot of times they'd put someone in my place for those two hours and then on Saturday, put someone out there, period.

So, if I had to work on Saturday, I didn't have no transportation to get out there.

That was the main thing to it, *I guess he said I had to either quit or he had to let me go* because when he needed me if I couldn't be there, you know, he set up his operation, like he said, and he can't set up the operation if I couldn't be there, but I didn't have no other way to get there. The bus don't run on Saturdays so it's just out of the question. . . .

(Emphasis added.)

Jason Kidder, the plant manager, testifying on behalf of the employer, stated that appellant had worked for the company a couple of years, that the problem with appellant's job was transportation, and that appellant's employment would have continued if he "would have decided" that he could get to work. Kidder testified that the company had worked with appellant "every chance we could get," but that he was "given the option of having a job or move on" after the following event:

He was scheduled on a Saturday, did not present to me on Friday prior to that he couldn't be here, you know, so I brought crews in on Saturday. I didn't feel it was my responsibility to go ask Milton if he was gonna be here or not. . . and brought my crews in on Saturday and I was short handed. He was part of the three-men crew, and I only had two. When I'm in here working on Saturday I'm paying premium time, as far as overtime, and it's very important that we run as efficiently as possible.

And this, you know, this time Milton not here [sic], didn't call in to explain his whereabouts or anything.

After the initial presentation by each party, each was allowed to question the other's testimony or to testify in rebuttal. Appellant stated, in pertinent part:

> *Well, usually on a Saturday we had got to the point where, like his assistant, Greg, you wasn't even asking about that 'cause you know I didn't have no ride on Saturday, you would just go on and put someone in my place.* You know, you (inaudible) then it got to the point where *they knew I didn't have no way to get there on Saturday so Greg would just usually ask somebody else, or, you know, and Greg would say,* "Man, just go ahead. I know you can't make it on Saturdays no way." Other than that I should have called in or got to the point that I woulda made sure I (inaudible) but *we had been doing (inaudible), Greg Fason, so long that we had got to knowing that I couldn't be there on Saturday so they would automatically get someone put in my place. This particular Saturday I don't know why they come to me like I would have called in on Friday or I, you know, gotta go find somebody else when usually that, you know, Greg would put someone in my place automatically, and so I don't know how they, why they came to be like that on that particular Saturday because usually they would get someone else to put in my place* that had transportation to get to the company, *like they would do when I'd have to be there at four o'clock in the morning.*

(Emphasis added.)

On rebuttal, Kidder testified that he, rather than Greg Fason, was working that Saturday, and that it was his opinion as plant manager that it was not his responsibility "to bring that up." He testified that he had always told employees that if they could not find a qualified person to work overtime he would not risk productivity, and that employees were responsible for their overtime regardless of whether or not they had transportation.

The Board set forth the following reasoning as the basis of its conclusion that appellant voluntarily left last work without good cause connected with the work:

> The claimant quit his job due to not having any transportation. The claimant did not quit due to any condition of the work that would impel the average, able-bodied, otherwise qualified individual to give up the job.

The Board recognized in its decision that appellant rode public buses to get to his job in Maumelle after his residential center had stopped furnishing transportation and he had moved to Hensley. It is clear to us that appellant's job continued for some time after his move despite his inability to get to the plant for overtime work because of the bus schedule, and that on these occasions another worker was regularly assigned to work in appellant's place. It is also clear that on a day when the plant manager rather than his assistant was supervising appellant's shift, appellant was told that he would not be able to keep his job unless he could make accommodations regarding overtime work.

■ We hold that reasonable minds could not find that appellant quit his work because of the lack of transportation. We hold, rather, that appellant was discharged when the plant manager suddenly decided to discontinue the employer's practice of providing a substitute worker during hours that appellant could not be present for overtime work. We reverse the Board's decision that appellant is disqualified for unemployment benefits under Ark. Code Ann. § 11-10-513(a) for leaving his work "voluntarily and without good cause connected with the work."

Reversed and remanded for an award of benefits.

HART and VAUGHT, JJ., agree.